IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Natalie M. Dotson | : | |
| Plaintiff | : | Civil Action 2:14-cv-01586 |
| v. | : | Judge Sargus |
| Twin Valley Behavioral Healthcare, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants | | |

**INITIAL SCREENING ORDER**

Plaintiff Natalie M. Dotson brings this civil rights action under 42 U.S.C. §1983. Plaintiff's request to proceed *in forma pauperis* is GRANTED. This matter is now before the Magistrate Judge for an initial screening of the complaint under 28 U.S.C. §1915A(e)(2) to identify cognizable claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608-09 (6th Cir. 1997). The Magistrate Judge finds that the complaint fails to state a claim upon which relief may be granted and therefore RECOMMENDS that the complaint be dismissed.

The complaint alleges that plaintiff was supposed to have a 30-day evaluation on her competency to stand trial. The complaint states that "[t]hey presented a fast fact statement defining 'schizophrenia' to Judge W. David Branstool." Doc. 1-2 at PageID#

10.  They are treating plaintiff using suppressive treatment and medications. They are prescribing medications harmful to her psyche and to counteract the side effects of other medications. The doctor refuses to provide proof of her delusions or other symptoms.  Nurses have skipped doses of her medications and have administered Prolixin, which was not approved. Plaintiff has been bullied by the staff and patients for her refusal to take medications.

Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading.  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The United States Supreme Court held in *Erickson v. Pardus*, 551 U.S. 89, 93 (2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555, 127 S.Ct. 1955 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Moreover, *pro se* complaints must be liberally construed.  *Erickson*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). Nonetheless, § 1983 claims subject to a motion to dismiss based on qualified immunity "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Twombly,* 550 U.S. at 570." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).

Twin Valley Behavioral Healthcare is an in-patient psychiatric hospital owned and operated by the Ohio Department of Mental Health, a state agency. Defendant Twin Valley Behavioral Healthcare is not an entity that can be sued because it is an arm

of the state. The State is immune under the Eleventh Amendment from suits against it. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66 (1989); *Foulks v. Ohio Dept. of Rehabilitation and Correction*, 713 F.2d 1229, 1232 (6th Cir. 1993).

The complaint also fails to allege specific allegations concerning the individual defendants. The complaint does not allege each individual defendant's actionable conduct, does not allege when that conduct occurred, and does not allege how that conduct deprived plaintiff of a constitutional right. Instead, the complaint simply refers to "doctors" without identifying the specific conduct of each particular doctor. Therefore, the Magistrate Judge concludes that the complaint does not allege, as required by Rule 8(a), Federal Rules of Civil Procedure, "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." that gives the individual defendants fair notice of the claims against them.

Accordingly, the Magistrate Judge RECOMMENDS that the complaint be DISMISSED for failure to state a claim under 42 U.S.C. §1983.

IT IS FURTHER ORDERED that the United States Marshal serve upon each defendant named in complaint a summons, a copy of the complaint, and a copy of this Order.

The Clerk of Court is DIRECTED to mail a copy of this Order to the Ohio Attorney General.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the

Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel<br>
United States Magistrate Judge